IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE:<br><br>TRACEY GODFREY | Cause No. CV 25-69-M-DWM<br><br>ORDER |

    Godfrey, a state prisoner proceeding pro se, yet again seeks to challenge the 60-year state court sentence he is presently serving.[1]

    In the present filing, Godfrey characterizes his document as a "Petition for Writ of Error." (Doc. 1.) He argues that his 2013 state sentence is illegal and

---

[1] *See e.g., Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014)(denying petition for lack of merit); *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen*, CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed); *In re Tracey Godfrey*, CV-23-156-M-DWM (D. Mont. Dec. 21, 2023)(dismissed for lack of jurisdiction); *In re Tracey Godfrey*, CV-24-40-M-DLC (D. Mont. April 8, 2024)(dismissed for lack of jurisdiction); *In re Godfrey*, CV-25-28-M-DWM (D. Mont. Feb. 24, 2025)(dismissed for lack of jurisdiction); *In re Godfrey*, CV-25-64-M-DLC (D. Mont. May 5, 2025).

constitutes "double jeopardy." He asks this Court to correct his purportedly illegal sentence. (*Id.*)

Godfrey seeks to avoid the prohibition upon unauthorized second or successive habeas petitions by not referencing 28 U.S.C. § 2254. Much like his previous filings, Godfrey's attempt to circumvent the prohibition on successive habeas filings by renaming the document does not confer jurisdiction upon this Court. When an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc). Godfrey has been informed repeatedly that Court lacks jurisdiction to hear a second or successive Section 2254 petition unless he obtains authorization from the Court of Appeals to file a second habeas petition. He has not done so. Accordingly, this matter is dismissed.

A certificate of appealability is denied, because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey is aware of the requirements that apply to second or successive habeas applications.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Petition (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. A certificate of appealability is DENIED.

3. This action is CLOSED. No further motions may be filed.

DATED this 19th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court